UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
KARIN MURPHY CARO,                          Index No: 16-cv-7047
                        Plaintiff,


        - against -                         **COMPLAINT**
                                            **JURY TRIAL DEMANDED**


THOMAS J. SPOTA, District Attorney
Suffolk County,
SUFFOLK COUNTY POLICE DEPARTMENT,
COUNTY OF SUFFOLK,
DAVID A. MURRAY,
EDWIN Y. HUGH,
JOHN P. MIRANDA,
RICHARD MARRA,
WILLIAM MURPHY,
ALEXANDER J. CARO,
KARIN SPEER and
LAUREN DOSKOEZ,
                        Defendants.
---------------------------------------X

S I R S :

        **PLEASE TAKE NOTICE** that Plaintiff, by her attorneys JULES A.
EPSTEIN, P.C., complaining of the Defendants respectfully sets
forth and alleges:

                    <u>JURISDICTION AND VENUE</u>

        1.    The Court has jurisdiction over this action pursuant to
28 U.S.C. § 1331 and § 1343(a)(1)(2)(3)&(4).

        2.    This action is being brought pursuant to 42 U.S.C. §
1983.

        3.    The Court has jurisdiction over Plaintiff's claims for
attorneys' fees pursuant to 42 U.S.C. § 1988.

        4.    This Court has jurisdiction over Plaintiff's claims
pursuant to 42 U.S.C. § 1985(3).

5.   This Court has jurisdiction over Plaintiffs claims pursuant to 42 U.S.C. § 1986.

6.   The Court has supplemental jurisdiction to hear state law causes of action pursuant to 28 U.S.C. §1367. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State laws.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8.   Plaintiff hereby demands trial by jury.

## THE PARTIES

9.   Plaintiff is a resident of the State of New York, County of Suffolk.

10.  At all relevant times, Defendant Thomas J. Spota ("Spota") was and is the District Attorney, Suffolk County and acting under color of state law.

11.  At all relevant times, Defendant Suffolk County Police Department (hereinafter, "SCPD") was and still is a municipal agency of the County of Suffolk and acting under color of state law.

12.  At all relevant times, Defendant County of Suffolk ("County") was and is still is a municipal corporation, duly

organized and existing under and by virtue of the laws of the State of New York and acting under the color of state law.

13.   At all relevant times, Defendant David Murray ("Murray") was and is a Suffolk County Police Officer (Shield #1514) and acting under color of state law.

14.   At all relevant times, Defendant Edwin Y. Hugh ("Hugh") was and is a Suffolk County Police Officer (Shield #5744) and acting under color of state law.

15.   At all relevant times, Defendant John P. Miranda ("Miranda") was and is a Suffolk County Police Officer (Shield #5898) and acting under color of state law.

16.   At all relevant times, Defendant Richard Marra ("Marra") was and is a Suffolk County Police Officer (Shield #1383) and acting under color of state law.

17.   At all relevant times, Defendant William Murphy (hereinafter "Murphy") was and is a Suffolk County Police Inspector and acting under color of state law.

18.   At all relevant times, the defendant police officers were acting within the scope of their employment and, as such, defendants County and SCPD are vicariously liable for the defendant police officers' acts.

19.   Spota, County, SCPD, Murphy, Murray, Hugh, Miranda and Marra are sometimes collectively referred to herein as the "Municipal Defendants".

20. At all relevant times, Defendant Alexander J. Caro ("Caro"), was and is an individual residing in Suffolk County, New York.

21. At all relevant times, Defendant Karin Speer ("Speer") was and is an individual residing in Suffolk County, New York.

22. At all relevant times, Defendant Lauren Doskoez ("Doskoez") was and is an individual residing in Suffolk County, New York.

## STATEMENT OF FACTS

23. Plaintiff was arrested by Defendant Murray on March 5, 2015 on a charge of aggravated harassment 2nd degree upon a complaint of Defendant Speer (the "March Arrest").

24. The March Arrest was made without legal justification nor probable cause upon Defendant Speer's false complaint.

25. Plaintiff was arrested by Defendant Hugh on April 3, 2015 on a charge of criminal contempt 2nd degree upon a complaint of Defendant Speer (the "April Arrest").

26. The April Arrest was made without legal justification nor probable cause upon Defendant Speer's false complaint.

27. On May 2, 2015 Plaintiff was arrested by Defendant Miranda on a charge of criminal contempt first degree upon a complaint of Defendant Doskoez (the "May Arrest").

28. The May Arrest was made without legal justification nor probable cause upon Defendant Doskoez's false complaint.

29.   On June 14, 2015 Plaintiff was arrested by Defendant Marra on a charge of criminal contempt first degree upon a complaint of Defendant Speer (the "June Arrest").

30.   The June Arrest was made without legal justification nor probable cause upon Defendant Speer's false complaint.

31.   Speer is Plaintiff's mother.

32.   Doskoez is Plaintiff's sister.

33.   The arresting officers knew, or with proper training and supervision should have known, that Plaintiff did not commit the crimes charged and that Speer's and Doskoez's complaints accusing Plaintiff of crimes were false.

34.   Plaintiff and Caro are married to each other and are parties to a contested divorce proceeding (Suffolk County Index #15039/14).

35.   Plaintiff and Caro are adversary parties in other state court litigation.

36.   Murphy has a business and personal relationship with Caro.

37.   Upon information and belief, Caro schemed and conspired with Speer and Doskoez to execute false criminal complaints against Plaintiff.

38.   All of the arrests, and the complaints upon which they were based, arise from a scheme and conspiracy orchestrated by Caro and Murphy to deprive Plaintiff of her civil rights.

39.   Defendant Spota prosecuted Plaintiff on all four (4) criminal charges arising from the March, April, May and June Arrests.

40.   On January 16, 2016 Plaintiff was acquitted of all charges by a unanimous jury verdict (Suffolk County Court Docket #2015-SU009004 and #2015-SU0013564).

41.   Spota prosecuted Plaintiff without legal justification nor probable cause.

42.   Plaintiff has served a written Notice of Claim on all Municipal Defendants.

43.   Plaintiff will move for leave to serve late Notice of Claim nunc pro tunc pursuant to New York General Municipal Law 50-e(5).

44.   This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claim is based.

## COUNT I

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE
### 42 U.S.C. §1983 - MUNICIPAL DEFENDANTS AND CARO

45.   Plaintiff, by reference, incorporates all preceding paragraphs.

46.   Upon information and belief, the SCPD and County acted in concert in their actions in their official and individual capacities to deny Plaintiff due process, equal protection and the privileges and immunities of citizenship.

47.   Upon information and belief, said acts and omissions were the result of implementation of the policies of the SCPD and County.

48.   Upon information and belief, SCPD, Caro and Murphy had personal communications amongst themselves and further conspired to cause Plaintiff's multiple arrests and prosecution.

49.   The SCPD is a municipal law enforcement agency in the State of New York which employs sworn law enforcement personnel who are given arrest authority and who have taken an oath to uphold the laws of the New York State Constitution and the laws under the United States Constitution.

50.   Upon information and belief, the SCPD acted with malice by causing Plaintiff's multiple arrests and her prosecution upon Speer's and Doskoez's false criminal complaints.

51. Upon information and belief, the SCPD implicitly and/or explicitly adopted and implemented careless and reckless policies, customs, or practices that include, among other violations, a policy of arresting and prosecuting Plaintiff on false charges, which is an unconstitutional practice of government actors and denies individuals equal protection of the laws, privileges and immunities under the laws.

52. Upon information and belief, the SCPD adopted a policy of refusing to remove conflicted police officers when required.

53. Upon information and belief, the SCPD adopted a policy of permitting its officers to further the interests of favored individuals to arrest and prosecute other individuals at their behest.

54. Upon information and belief, the SCPD adopted a policy of permitting its officers to intentionally disregarded exculpatory evidence in an effort to falsely prosecute Plaintiff on false charges.

55. The County and SCPD have a duty to properly investigate crimes without bias or favoritism.

56. Intentionally instigating targeted investigations and arrests at the behest of favored individuals violates the Constitution or laws of the United States and therefore deprives Plaintiff's of her civil rights.

57. Upon information and belief, the SCPD intentionally caused Plaintiff's multiple arrests and prosecution with malicious

intent in an effort to please and favor Caro with whom certain police officers, including Inspector Murphy, had a relationship.

## COUNT II

### VIOLATION OF EQUAL PROTECTION PURSUANT TO TITLE
### 42 U.S.C. §1983 — "CLASS-OF-ONE" - MUNICIPAL DEFENDANTS AND CARO

58.   Plaintiff, by reference, incorporates all preceding paragraphs.

59.   Upon information and belief, the County, SCPD and Murphy, in their individual and official capacities, intentionally acted to deny Plaintiff due process and equal protection, and all their acts and omissions were done for reasons of a personal nature unrelated to the official duties of SCPD and the defendant police officers.

60.   Plaintiff's multiple arrests and prosecution was not justified by any duty owed to the public of Suffolk County.

61.   Upon information and belief, Murphy's relationship to Caro is the reason Plaintiff was treated differently than other citizens similarly situated in Suffolk County.

62.   There was no rational basis for treating Plaintiff differently than other citizens of Suffolk County.

63.   It is improper for police officials to falsely arrest and prosecute Plaintiff in order to please and favor someone they know on a personal level.

64.   Defendants falsely arrested and prosecuted Plaintiff in furtherance of Caro's scheme.

65.   As such, the Municipal Defendants are responsible for any and all damages caused by these wrongful acts and/or omissions.

66.   The County and SCPD should ensure proper supervision so that police officers under their dominion and control are not engaging in inappropriate conduct and inappropriate investigation techniques.

67.   The County and SCPD should ensure proper supervision so that police officers under their dominion and control are not engaging in violating others' constitutional rights.

68.   The County and SCPD know, or should have known, that the officers have acted improperly on this case, and in past cases, and should have been properly disciplined for their acts and omissions.

## COUNT III

### VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1985(3) - MUNICIPAL DEFENDANTS AND CARO

69.   Plaintiff, by reference, incorporates all preceding paragraphs.

70.   Upon information and belief, Defendants acted in concert in their individual and official capacities to deny Plaintiff due process, equal protection, and the privileges and immunities of citizenship and all acts and omissions were the result of implementation of the policies of the SCPD and County.

71.   Upon information and belief, the SCPD and/or Murphy had personal communications with Caro and conspired about Plaintiff's false arrests and prosecution.

72.   Upon information and belief, Caro, Murphy and the SCPD conspired to deprive Plaintiff of equal protection or equal privileges and immunities, an act in furtherance of the conspiracy and Plaintiff was injured and deprived as a result.

73.   Caro's, Murphy's and the SCPD'S actions contain the necessary "invidiously discriminatory animus" to support this claim as well as a conspiracy action.

74.   Upon information and belief, the SCPD did not enforce the law equally in regards to Plaintiff because of Murphy's and other police officers' individual interests.

75.   No reasonable police officer would believe Plaintiff committed any crime.

76.   Plaintiff's arrests were committed in an effort to appease and favor individuals with whom Murphy and/or the SCPD had a relationship with, in particular, Caro.

77.   By falsely arresting and prosecuting Plaintiff, the County and SCPD deviated from the standard of care as required for police officers in investigating a crime of this magnitude.

78.   The SCPD and County were aware of such misconduct and ratified same.

79.   The County and SCPD owed a duty to Plaintiff and the citizens of Suffolk County to properly train its police officers and to ensure its police officers are not engaging in misconduct.

80.   The SCPD and County falsely and maliciously arrested and prosecuted Plaintiff, thereby creating an atmosphere in Suffolk County which reasonably causes Plaintiff to believe that it is fair game to anyone who has a relationship with a police official and wishes to cause the arrest and prosecution of innocent persons, and that citizens are not going to be given any protection therefrom by the authority and process of the law, thereby depriving Plaintiff of the privileges and immunities of citizenship.

81. As such, the County, SCPD, Caro, and Murphy are responsible for any and all damages caused by these wrongful acts and/or omissions.

## COUNT IV

### VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1986 - MUNICIPAL DEFENDANTS AND CARO

82.  Plaintiff, by reference, incorporates all preceding paragraphs.

83.  The Municipal Defendants acted in concert in their official and individual capacities to deny Plaintiff due process, equal protection, and the privileges and immunities of citizenship, and all of Plaintiff's arrests and prosecution were the result of implementation of the policies of the SCPD and the County.

84.  Upon information and belief, the SCPD and/or Murphy had personal communications with Caro, and further conspired about Plaintiff's false arrests and prosecution.

85.  The SCPD, County and/or Murphy had an "invidiously discriminatory animus" against Plaintiff in that they specifically targeted Plaintiff and did not enforce the law equally in regards to Plaintiff.

86.  The County and SCPD had the authority to stop the conspiracy to deprive Plaintiff of its constitutional rights.

87.  Upon information and belief, the County, SCPD and Murphy conspired and specifically chose to falsely arrest and prosecute Plaintiff and deprive her of her civil rights.

88.  The County and SCPD should ensure proper supervision so that police officers under their dominion and control are not engaging in inappropriate conduct and inappropriate investigation techniques.

89.   The County and SCPD should ensure proper supervision so that police officers under their dominion and control are not engaging in violation of individual's constitutional rights.

90.   Said Defendants' deliberate choice to falsely arrest and prosecute Plaintiff exceeds mere negligence and was intentionally done to deprive Plaintiff of the equal protections, privileges, and immunities of law.

91.   A thorough investigation of the false charges alleged against Plaintiff was prevented because of the personal relationships between Caro, Murphy and other members of the SCPD.

92.   When police officers have conflicts in a case they are investigating, they should remove themselves, or a special investigation team should be brought forth.

93.   By not removing the police officers with conflicts in this case, the SCPD deviated from the standard of care and duties imposed upon them as police officers.

94.   Taken in its entirety, with the conflicts that were involved with this case, and the manner in which the investigation was handled, there is a demonstration of maliciousness and intentional conduct to specifically protect the individuals with whom such officers have a relationship with, and a deliberate choice to refuse protection to Plaintiff.

95.   The County and SCPD owe a duty to Plaintiff and its citizens to properly train its police officers and ensure its police officers are not engaging in police misconduct.

C:\Documents and Settings\Nancy\My Documents\WPDOCS\Caro\District Court\Complaint.wpd

96.   None   of   the   Defendants   are   entitled   to   qualified immunity.

97.   The County, SCPD and Murphy are responsible for any and all damages caused by these wrongful acts and/or omissions.

## COUNT V - STATE LAW CLAIMS

### FALSE MARCH ARREST - MUNICIPAL DEFENDANTS AND SPEER

98.  Plaintiff, by reference, incorporates all preceding paragraphs.

99.  On or about March 5, 2015 Defendant Speer falsely complained to SCPD that Plaintiff had committed the crime of aggravated harassment.

100. On March 5, 2015 Defendant Murray, without a warrant or other legal process, arrested Plaintiff on the alleged charge, and restrained Plaintiff of her liberty until she was discharged.

101. In making the charge and causing the arrest of Plaintiff, Defendants acted willfully, unlawfully and maliciously.

102. On arresting Plaintiff and depriving her of her liberty, Murray and SCPD took Plaintiff to a police station, entered her on the records as under arrest on a charge of aggravated harassment.

103. Defendants SCPD and Murray caused Plaintiff's fingerprints and photograph to be taken in accordance with the usual police practices on the arrest of criminals and held her on the charge for a period of several hours.

104. As a result of Defendants' actions, Plaintiff suffered great mental and physical distress and anxiety and was subjected to humiliation, embarrassment, scorn and ridicule among those who knew her and was otherwise injured in her character and reputation.

105. As a result of the foregoing, Plaintiff has been damaged.

<u>COUNT VI - STATE LAW CLAIMS</u>

<u>FALSE APRIL ARREST - MUNICIPAL DEFENDANTS AND SPEER</u>

106. Plaintiff, by reference, incorporates all preceding paragraphs.

107. On or about April 3, 2015, Defendant Speer falsely complained to SCPD that Plaintiff had committed the crime of criminal contempt, second degree.

108. On April 3, 2015 Defendant Hugh, without a warrant or other legal process, arrested Plaintiff on the alleged charge, restrained Plaintiff of her liberty until she was discharged.

109. In making the charge and causing the arrest of Plaintiff, Defendants acted willfully, unlawfully and maliciously.

110. On arresting Plaintiff and depriving her of her liberty, Hugh and SCPD took Plaintiff to a police station, entered her on the records as under arrest on a charge of criminal contempt, second degree.

111. Defendants SCPD and Hugh caused Plaintiff's fingerprints and photograph to be taken in accordance with the usual police practices on the arrest of criminals and held her on the charge for a period of several hours.

112. As a result of Defendants' actions, Plaintiff suffered great mental and physical distress and anxiety and was subjected to humiliation, embarrassment, scorn and ridicule among those who knew her and was otherwise injured in her character and reputation.

113. As a result of the foregoing, Plaintiff has been damaged.

## COUNT VII - STATE LAW CLAIMS

### FALSE MAY ARREST - MUNICIPAL DEFENDANTS AND DOSKOEZ

114. Plaintiff, by reference, incorporates all preceding paragraphs.

115. On or about May 2, 2015 Defendant Doskoez falsely complained to SCPD that Plaintiff had committed the crime of criminal contempt, first degree.

116. On May 2, 2015 Defendant Miranda, without a warrant or other legal process, arrested Plaintiff on the alleged charge, restrained Plaintiff of her liberty until she was discharged.

117. In making the charge and causing the arrest of Plaintiff, Defendants acted willfully, unlawfully and maliciously.

118. On arresting Plaintiff and depriving her of her liberty, Miranda and SCPD took Plaintiff to a police station, entered her on the records as under arrest on a charge of criminal contempt, first degree.

119. Defendants SCPD and Miranda caused Plaintiff's fingerprints and photograph to be taken in accordance with the usual police practices on the arrest of criminals and held her on the charge for a period of several hours.

120. As a result of Defendants' actions, Plaintiff suffered great mental and physical distress and anxiety and was subjected to humiliation, embarrassment, scorn and ridicule among those who knew her and was otherwise injured in her character and reputation.

121. As a result of the foregoing, Plaintiff has been damaged.

## COUNT VIII - STATE LAW CLAIMS

### FALSE JUNE ARREST - MUNICIPAL DEFENDANTS AND SPEER

122. Plaintiff, by reference, incorporates all preceding paragraphs.

123. On or about June 14, 2015 Defendant Speer falsely complained to SCPD that Plaintiff had committed the crime of criminal contempt, first degree.

124. On June 14, 2015 Defendant Marra, without a warrant or other legal process, arrested Plaintiff on the alleged charge, restrained Plaintiff of her liberty until she was discharged.

125. In making the charge and causing the arrest of Plaintiff, Defendants acted willfully, unlawfully and maliciously.

126. On arresting Plaintiff and depriving her of her liberty, Marra and SCPD took Plaintiff to a police station, entered her on the records as under arrest on a charge of criminal contempt, first degree.

127. Defendants SCPD and Marra caused Plaintiff's fingerprints and photograph to be taken in accordance with the usual police practices on the arrest of criminals and held her on the charge for a period of several hours.

128. As a result of Defendants' actions, Plaintiff suffered great mental and physical distress and anxiety and was subjected to humiliation, embarrassment, scorn and ridicule among those who knew her and was otherwise injured in her character and reputation.

129. As a result of the foregoing, Plaintiff has been damaged.

## COUNT IX

### MALICIOUS PROSECUTION - SPOTA, SPEER AND DOSKOEZ

130. Plaintiff, by reference, incorporates all preceding paragraphs.

131. Plaintiff was taken into custody and forcibly detained by the County and SCPD and deprived of her liberty in connection with each of the four (4) arrests.

132. Plaintiff was subsequently prosecution and tried by Spota in the Suffolk County, District Court on January 12-16, 2016 before the Honorable James A. McDonaugh, Suffolk County District Court Judge, and a jury.

133. On January 16, 2016 Plaintiff was acquitted of all charges by a unanimous jury.

134. Plaintiff's multiple arrests, imprisonments and prosecutions was malicious and unlawful because Plaintiff had committed no crime and there was no probable cause to believe she had committed a crime.

135. Spota, acting within the scope of his authority as Suffolk County District Attorney, prosecuted Plaintiff maliciously and without probable cause.

136. Spota, SCPD, County, the arresting officers and Murphy maliciously and unlawfully arrested and imprisoned Plaintiff without probable cause that she had committed any crime and acted maliciously and without probable cause in prosecuting her in connection with the four (4) arrests.

137. The malicious prosecution of Plaintiff was aided, abetted, encouraged and incited by Defendants Caro, Speer and Doskoez.

138. By reason of the foregoing, the publication of the false, malicious and invented charges, Plaintiff was treated as a common criminal, suffered severe emotional distress and anxiety, was required to engage an attorney to defend herself and procure her acquittal of all charges.

139. By reason of the foregoing, Plaintiff has been damaged.

## COUNT X

## PRIMA FACIE TORT - SPEER AND DOSKOEZ

140. Plaintiff, by reference, incorporates all preceding paragraphs.

141. Speer and Doskoez executed criminal complaints against Plaintiff that harmed Plaintiff.

142. The criminal complaints were willful, malicious and made without reasonable or probable cause.

143. Said Defendants' criminal complaints were made without legal or social justification and for the deliberate purpose of injuring and harming Plaintiff.

144. As a result of the foregoing, Plaintiff was forced to suffer severe and extreme emotional distress, anguish and anxiety, was subjected to ridicule and humiliation and was caused to incur attorneys' fees to defend against the false and baseless claim made against Plaintiff.

<u>COUNT XI</u>

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><u>CARO, SPEER AND DOSKOEZ</u>

145. Plaintiff, by reference, incorporates all preceding paragraphs.

146. In connection with March, April, May and June Arrests, Defendants Speer, Doskoez and Caro embarked upon a course of conduct intended to cause Plaintiff to suffer mental and emotion distress, tension and anxiety.

147. In connection with the March, April, May and June Arrests, Defendants Speer and Doskoez commenced spurious criminal proceedings against Plaintiff.

148. As a result of the foregoing, Plaintiff has been caused to suffer great mental anxiety, anguish, distress, and other psychological injuries.

149. As a result of said Defendants course of conduct, Plaintiff sustained damages by having incurred substantial legal fees to defend herself against false charges.

**WHEREFORE**, Plaintiff demands judgment as follows:

1.    In favor of Plaintiff against Defendants of all counts of the complaint.

2.    Awarding Plaintiff compensatory and punitive damages on each of Courts I through XI as determined by a jury.

3.    Pre- and post-judgment interest.

4.    Awarding Plaintiff attorneys' fees, expenses and litigation costs in accordance with 42 U.S.C. §1988.

5.    Such other and further relief as the Court deems proper.

Dated:      Uniondale, New York
            December 22, 2016

Jules A. Epstein, Esq.   (JE-5177)
Jules A. Epstein, P.C.
Attorney for Plaintiff
521 RXR Plaza
East Tower, Suite 521
Uniondale, NY 11556
(516) 745-1325
jaepc1@aol.com / jaepc2@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No: 16-cv-7047

KARIN MURPHY CARO,

- against -

Plaintiff,

THOMAS J. SPOTA, District Attorney Suffolk County, SUFFOLK COUNTY
POLICE DEPARTMENT, COUNTY OF SUFFOLK, DAVID A. MURRAY, EDWIN Y.
HUGH, JOHN P. MIRANDA, RICHARD MARRA, WILLIAM MURPHY, ALEXANDER J.
CARO, KARIN SPEER and LAUREN DOSKOEZ,

Defendants.

## SUMMONS AND COMPLAINT

**JULES A. EPSTEIN, P.C.**
**Attorney for Plaintiff**
**521 RXR Plaza, East Tower, Suite 521**
**Uniondale, NY 11556**
**(516) 745-1325**
**(516) 222-1499 (Fax)**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the
courts of New York, certifies that, upon information and belief and reasonable inquiry,
the contentions contained in the annexed document are not frivolous.

Dated:_____        Signature_____

                                 Print Signer's Name___JULES A. EPSTEIN___

Service of a copy of the within                      is hereby admitted

*Dated,*                         ...............................................
                                            Attorney(s) for Defendants

SIR:   PLEASE TAKE NOTICE

*NOTICE    OF*      that the within is a (certified) true copy of a    entered in
*ENTRY*            the office of the clerk of the within named Court on      2016

*NOTICE    OF*      that an Order of which the within is a true copy will be
*SETTLEMENT*       presented for settlement to the                  one of the
                   judges of the within named Court, at 100 Supreme Court Drive,
                   Mineola, NY   on              , at 9:30   A. M.

*Dated:*                         Yours, etc.,
                                 Jules A. Epstein, P.C.
                                 Attorney for **Plaintiff**
                                 521 RXR Plaza, East Tower, Suite 521
                                 Uniondale, NY 11556
                                 (516) 745-1325
                                 (516) 222-1499 (Fax)